UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD A WORLEY,

    Plaintiff,

v.                                               Case No: 2:18-cv-671-FtM-38CM

WILLIAM PRUMMELL,

    Defendant.
                                     /

## **OPINION AND ORDER**[1]

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1, Petition). Petitioner, Richard Worley, filed the instant Petition on October 11, 2018, while a pretrial detainee being held in the Charlotte County Jail. Worley challenges his arrest and his pending state charges in case number 18-1156-CO on three grounds. Doc. 1 at 6-7. Worley concedes that he has not sought relief in the state court on any of the grounds raised in his Petition. *See* Doc. 1 at 2-4, 7. On October 30, 2018, Worley filed a notice of change of address, which indicates that he has been released from the Charlotte County Jail. Doc. 4.

As a preliminary matter, Worley's Petition is not cognizable under § 2254 because as a pretrial detainee Worley is not "in custody pursuant to the judgment of a State court."

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). Consequently, because Worley was a pretrial detainee at the time he filed the Petition, the Court construes the Petition as being brought under § 2241. *Medberry* at 1060 (discussing the differences between § 2254 and § 2241 and applying § 2241 to pretrial detainees); *see also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004). Nonetheless, Worley is not entitled to relief under § 2241 because he has not exhausted his claims in state court. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

Further, principles of equity, comity and federalism require the Court to abstain from interfering in state criminal proceedings. See *Younger v. Harris*, 401 U.S. 37, 45 (1971) ("absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Worley provides no reasons for this Court to overlook the abstention principle. Nor does Worley allege any facts that warrant application of the any of the exceptions to the *Younger* doctrine. See *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004).[2]

### Certificate of Appealability[3]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ

---

[2] Noting that the Court in *Younger* set out three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid.*

[3] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition (Doc. 1) is **DISMISSED**.

2. The Clerk of Court shall terminate any pending motions and close this file.

3. Petitioner is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of November 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3